## No. 10,397.

### AGRICOLE·ARMANT, TESTAMENTARY EXECUTOR, VS. NEW ORLEANS AND CARROLLTON RAILROAD COMPANY.

1. The decree of a court of competent jurisdiction appointing a testamentary executor who has duly qualified stands as *prima facie* valid; and an exception to the capacity of the executor, not putting at issue the regularity of his appointment and qualification, but based on grounds extraneous to the probate proceeding, throws on the exceptor the burden of proving them, and, in absence of proof, the exception is properly overruled.

2. Dividends declared on stock in corporations, like irregular deposits in banks, are payable on demand, and until demand and refusal, prescription does not begin to run against the person entitled.

3. Where the stock of an expiring corporation is merged into the stock of a new one, organized as its successor, acquiring its franchises and assuming its obligations, a provision inserted in the charter of the new company forfeiting dividends not claimed within three years from the time when declared, is not binding upon the old stockholders except from the time when, expressly or by implication, they consent thereto by assuming the quality of stockholders in the new company. An old stockholder who has been ignorant of his rights and of the transfer and who claims his dividends as soon as informed of their existence, cannot be affected by such provision except *in futuro*.

APPEAL from the Civil District Court for the Parish of Orleans.
*Rightor,* J.

### *T. J. Semmes & Legendre* for Plaintiff and Appellee :

A debtor cannot inquire into the validity or invalidity of his creditor's will. Heirs and creditors alone can attack contracts and donations made to their prejudice. The debtor of an estate cannot object to an administration of it on the ground that it owes no debts. Heirs alone can urge that objection. A decree appointing an administrator or executor cannot be attacked collaterally. 28 Ann. 807 ; 30 Ann. 269.

A precarious possession cannot serve as the basis of prescription *acquirendi causa.*. To acquire property by prescription one must possess as owner. C. C. 3510.

Prescription against an action to recover dividends on stocks runs only from demand on the corporation for payment of same. 34 Ann. 576; 30 Ann. 486 ; 32 Ann. 483; 20 Ann. 381 ; 23 Ann. 300; 11 Pennsylvania 417.

The act of incorporation of the New Orleans and Carrollton Railroad Company, granted by the Legislature in 1833, and accepted by the stockholders thereof, is a contract.

Rights acquired under it cannot be impaired or destroyed. 32 Ann. 1069 ; Morawetz on Corporations, sections 53, 196, 191 ; Angell on Corporations, sections 333, 335 ; Field on Corporations, sections 75, 76.

Under Article 3 of the Charter of 1882 the New Orleans and Carrollton Railroad Company, defendant herein, expressly assumed the debts, contracts and obligations of the company organized in 1833.

---

### *John M. Bonner* for Defendant and Appellant :

Where a succession has been fully administered and where there are no debts to be paid a dative testamentary executor should not be appointed twenty-eight years after the death of the testator to bring suit, but the action should be brought in the names of the heirs.

An action to recover dividends on certificates of stock issued by a corporation is a personal action and is prescribed by ten years. R. C. C. 3544; 32 Ann. 488 ; 34 Ann. 825.

The charter of a corporation constitutes a contract between the corporation and its stockholders, and an article of the charter providing that dividends not called for in three years shall revert to the company is valid and binding on the stockholders.

---

The opinion of the court was delivered by

FENNER, J. An exception was filed to the right of plaintiff to stand in judgment as testamentary executor on the grounds that the will under which he was appointed is invalid; that, if invalid, it is not shown that it has not been completely executed; and that, as there are no debts due by the succession in this State, there is no necessity for an executor or administrator.

The exception does not deny that the plaintiff has been regularly appointed and qualified as executor under the decree of a court of competent jurisdiction. Such a decree must be treated as *prima facie* valid; and even if it were conceded, *argumenti gratia,* that defendant, a mere debtor of the succession, could attack it in this collateral way, yet as the grounds of the attack are matters extraneous to the probate proceeding, the burden of proof would lie on him, and he has offered no evidence whatever on the subject.

Armant, Executor vs. Railroad Company.

### On the Merits.

The suit is brought to recover dividends for many years on thirty-six shares of stock in the defendant company.

The ownership of the stock by the decedent is fully proved, and it is also proved that the dividends have been declared, have never been paid, and stand as due on the books of the company.

The prescription of three and of ten years is pleaded.

Dividends on stock are, like irregular deposits of money in a bank, payable only on demand, and until demand and refusal, prescription does not begin to run against the person entitled. De St. Romes vs. Levee, 20 Ann. 381; Brown vs. Pike, 34 Ann. 576; State vs. R. R. Co., 6 Gill (Md.) 363; R. R. Co. vs. Hickman, 28 Penn. St. 329; Bank vs. Gray, 2 S. W. Rep. (Ky.) 329.

The defendant finally invokes the provision of its charter passed in 1882 declaring: "Any dividend not called for within three years from the date of its being made payable shall revert to the company."

Defendant is, in effect, the successor of a former corporation bearing the same name whose charter expired in 1883. The stock of the new company was issued to the old company and distributed amongst its stockholders in lieu of their stock in the latter, and the new company assumed all the debts and obligations of the old of whatsoever nature.

The provision above quoted was not contained in the charter of the old company, and, of course, the new company could not destroy, abridge or forfeit rights acquired by the stockholders of the old, without their consent. The provision, therefore, cannot affect dividends which had accrued under the old organization and which the new company bound itself to pay.

It is claimed, however, that as concerns the dividends declared by the new company, the provision must be enforced.

We consider that the provision is binding on all stockholders of the old company who consented to the merging of their stock into the stock of the new company, from the time of such consent, whether given expressly or by implication from acts adopting the change.

We hold that by bringing this action for dividends declared by the new company, the plaintiff, and those represented by him, give such consent, and will be bound hereafter by all valid provisions of the charter. But it fully appearing that they were ignorant of the existence of their rights and of all the proceedings had, until shortly before the institution of this suit, we cannot hold that this consent shall retroact in such manner as to operate a forfeiture of rights of the existence of which they were ignorant.

Judgment affirmed.