JOHN J. SULLIVAN, administrator, *vs.* TIMOTHY M. SULLIVAN.

Worcester.   May 18, 1905. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Bills and Notes. Evidence,* Presumptions and burden of proof. *Limitations, Statute of. Spoliation of Instruments. Maxims.*

In an action by an administrator on a promissory note alleged to have been given by the defendant to the plaintiff's intestate and to have been destroyed wrongfully by the defendant after the death of the intestate, if the plaintiff proves that the defendant gave the note and destroyed it as alleged, but there is nothing to show the date of the note or when it was payable or how it was executed except that it was, signed by the defendant, there is an inference that at the time of the spoliation after the death of the intestate the note was valid and was enforceable against the defendant upon the appointment of an administrator, so that under R. L. c. 202, § 10, the administrator may recover on the note if his action is brought within two years from the time of his giving bond as limited by R. L. c. 141, § 9.

Citation by KNOWLTON, C. J. of cases relating to the spoliation of instruments.

CONTRACT, by the administrator of the estate of Mary Murley, late of Boston, for certain money and property alleged to have belonged to his intestate, including a claim for $500 for money lent on a note, with a count, added by amendment, on a promissory note for $500 alleged to have been given by the defendant to the intestate and to have been destroyed by the

defendant after the death of the intestate. Writ dated June 18, 1900. Declaration amended January 8, 1904.

At the trial in the Superior Court *Pierce,* J. made the rulings stated in the opinion. The jury returned a verdict for the plaintiff in the sum of $718.17; and the defendant alleged exceptions.

*H. L. Parker & H. L. Parker, Jr.,* for the defendant.

*W. A. Gile,* for the plaintiff.

KNOWLTON, C. J. This is an action upon a promissory note, alleged to have been given by the defendant to the plaintiff's intestate, who died in 1882. There was evidence tending to show that such a note was given, that it was for $500, with interest at five per cent, and that, at some time after the death of the payee, the defendant, with whom she was living at the time of her death and who took and disposed of her effects, destroyed the note by burning it. The plaintiff was appointed administrator of the estate on March 2, 1899. This action was begun on June 18, 1900. The date when the defendant destroyed the note did not appear, although apparently it was a long time before the appointment of the administrator; and there was nothing to show the date of the note, nor when it was payable, nor how it was executed, further than that the signature was that of the defendant.

The judge instructed the jury that, if they found that the defendant gave the note in consideration of $500 received by him, and destroyed the note, they would have a right to infer that it was a witnessed note, and of a kind that would sustain this action. The instruction was an application of the maxim, *Contra spoliatorem omnia præsumuntur.* There is no doubt that the evidence presented a case for an inference that, at the time of the spoliation, the note was valid and enforceable against the defendant, upon the appointment of an administrator. The defendant's act, in connection with the other facts, had a tendency to show that he was seeking to deprive the estate of evidence which might be used against him.

Upon the hypothesis stated in the instruction, there was a finding by the jury which sufficiently established the identity of the note, and the only matter left in doubt was its terms, in reference to the application of the statute of limitations. If

there was a proper inference from the defendant's wrongful act that it was then a valid note, it follows that the administrator can maintain an action upon it, brought at any time within two years after his appointment. This is provided by the Pub. Sts. c. 197, § 12. R. L. c. 202, § 10. Under this section, if the statute of limitations has not taken effect before the death of a person entitled to bring or liable to an action, or if the death occurs within thirty days after the statute ordinarily would take effect, the time is extended, and the suit may be brought at any time within two years after the appointment of an executor or administrator. It is, therefore, unnecessary to consider whether the principle referred to should be so applied as to warrant an inference that the note was witnessed, so as to enable the plaintiff to rely upon the Pub. Sts. c. 197, § 6. R. L. c. 202, § 1, cl. 3. The general doctrine touching the spoliation of instruments has been stated in many cases, but there is doubt whether some of these statements are not too broad. See *Life & Fire Ins. Co.* v. *Mechanic Ins. Co.* 7 Wend. 31, 34; *Cross* v. *Bell*, 34 N. H. 82, 88; *Bott* v. *Wood*, 56 Miss. 136; *Jones* v. *Knauss*, 4 Stew. 609; *Clifton* v. *United States*, 4 How. 242, 248; *Thompson* v. *Thompson*, 9 Ind. 323, 332; *Chicago City Railway* v. *McMahon*, 103 Ill. 485; *Dimond* v. *Henderson*, 47 Wis. 172; Wigmore, Ev. § 291 and note. But we have no doubt that the rule rightly was applied to the present case, at least so far as the general liability of the defendant is concerned, in view of the R. L. c. 202, § 10.

*Exceptions overruled.*