BOSTON AND ROXBURY MILL CORPORATION *vs.* THEODORE H. TYNDALE, public administrator.

Suffolk.   May 22, 1914. — June 17, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Corporation,* Dividends. *Limitations, Statute of. Trust,* What constitutes. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Agreed statement of facts.

*Whether,* as sometimes has been said in other jurisdictions, a stockholder in a corporation cannot maintain an action against the corporation for the amount of a dividend without a previous demand, and therefore the statute of limitations cannot begin to run upon a claim for a dividend until such a demand has been made, here was mentioned as a question which it was not necessary to determine in the present case.

*Whether* a corporation, which in compliance with an order of court has deposited the amount of certain unclaimed dividends in a separate fund apart from its other assets, holds the fund in trust for the payment of such dividends when properly claimed, so that, until the trust is repudiated or the right of a claimant is denied, the statute of limitations does not begin to run against such claimant, here was mentioned as a question which was not passed upon.

Under R. L. c. 202, § 10, if a person entitled to bring an action dies within the period fixed by the statute of limitations, the action, if it survives, may be brought by the administrator of his estate within two years after the administrator's giving bond for the discharge of his trust, although such administrator was not appointed until eighty-four years after the expiration of the original period of limitation.

Upon an agreed statement of facts, in which it is stated that a certain person disappeared in 1818 and never was heard of again although diligent inquiries were made, this court under St. 1913, c. 716, § 5, may draw the inference that he was dead in 1825 and consequently had died before February 14, 1831, when the six year period of limitation on his right to sue for a certain dividend expired.

BILL IN EQUITY, filed in the Supreme Judicial Court on September 18, 1912, by the Boston and Roxbury Mill Corporation, a corporation created by St. 1814, c. 39, amended by St. 1816, c. 40, and dissolved, except as to the disposition of the fund here in question, by a decree of the Supreme Judicial Court made on May 1, 1912, against Theodore H. Tyndale, as public administrator of the estate of Thomas M. Lloyd, who intervened at the request of the Attorney General, praying for an order of distribution of the fund of $2,375 named below.

The bill was as follows:

"And now comes the Boston and Roxbury Mill Corporation and says that heretofore, to wit, on or about May 13, 1912, pursuant to an order of the court dated May 1, 1912, it has paid into the court the sum of $2,434.19, being the aggregate amount of dividends accrued upon five shares of stock standing in the name of Thomas M. Lloyd, a stockholder of said company from the year 1818, to wit, $2,375 plus interest allowed on said funds from February 1, 1911, by the bank where said funds have been deposited; that although it has made diligent search by advertisement and otherwise, it has been unable to ascertain the whereabouts of any heirs or representatives of said Lloyd; that said the Boston and Roxbury Mill Corporation is desirous of finally closing its affairs and making complete distribution of all its remaining moneys, including said amount so held in the hands of the court:

"Wherefore, said the Boston and Roxbury Mill Corporation prays that an order may be entered authorizing distribution of the amount so held by the court ($2,375) among the present holders of the outstanding stock of said corporation (excepting said Lloyd, his executors, administrators and assigns, and excepting certain shares held in the treasury of said corporation) after such notice as the court may prescribe; and authorizing the return of said fund to the treasurer of said corporation for the purpose of such distribution; and for such other and further order in the premises as the court may deem wise."

The answer of the public administrator was as follows:

"Now comes Theodore H. Tyndale, public administrator for the said county of Suffolk, and says that on July 17, 1913, he was duly appointed public administrator of the estate of Thomas M. Lloyd, who was during his lifetime a stockholder in said corporation, and respectfully represents that, upon an exhibition of the record of his appointment, the court should order to be paid over to him the sum now in the hands of the clerk of said court under a prior decree made by the court in the above cause, with accumulated interest thereon, upon said public administrator's receipt therefor."

The case was submitted to *Rugg*, C. J., upon an agreed statement of facts, including the facts which are stated in the opinion,

and was reserved by the Chief Justice for determination by the full court.

The case was submitted on briefs.

*C. H. Tyler, B. Corneau & B. E. Eames,* for the plaintiff.

*T. H. Tyndale,* public administrator, *pro se.*

SHELDON, J.    It is contended by the plaintiff that the right to recover these dividends has been barred by the statute of limitations.    There is a conflict of decisions upon the question whether that statute begins to run against a stockholder's right of action for dividends declared by a corporation as soon as these have been declared and become payable, or not until there has been a repudiation by the corporation of the stockholder's right to require payment of the dividends.    The former view has been taken by the British courts and sometimes has been followed in this country.    *In re Severn & Wye & Severn Bridge Railway,* [1896] 1 Ch. 559.    *In re Artisans' Land & Mortgage Corp.* [1904] 1 Ch. 796.    *Smith* v. *Cork & Bandon Railway,* Ir. R. 5 Eq. 65.    *In re Drogheda Steamship Packet Co.* [1903] 1 Ir. R. 512, 514.    *Winchester & Lexington Turnpike Co.* v. *Wickliffe,* 100 Ky. 531.    *Redhead* v. *Iowa National Bank,* 127 Iowa, 572, 577.

The weight of authority in this country is in favor of the latter view.    *Kane* v. *Bloodgood,* 7 Johns. Ch. 90, 122, 123.    *Philadelphia, Wilmington & Baltimore Railroad* v. *Cowell,* 28 Penn. St. 329, 339.    *Bank of Louisville* v. *Gray,* 84 Ky. 565, 575.    *Armant* v. *New Orleans & Carrollton Railroad,* 41 La. Ann. 1020.    See also *Tyson* v. *George's Creek Coal & Iron Co.* 115 Md. 564; *Kobogum* v. *Jackson Iron Co.* 76 Mich. 498; and *Bedford & Rutherford Counties* v. *Nashville, Chattanooga & St. Louis Railway,* 14 Lea, 525.    This sometimes has been put on the ground that an action for the recovery of dividends cannot be maintained without a previous demand, and so that the statute cannot begin to run until such a demand has been made.    *Hagar* v. *Union National Bank,* 63 Maine, 509, 512, 513.    *Scott* v. *Central Railroad & Banking Co.* 52 Barb. 45.    *State* v. *Baltimore & Ohio Railroad,* 6 Gill. 363, 387.    As to this ground see *Whitney* v. *Cheshire Railroad,* 210 Mass. 263, 268, and *Pierce* v. *State National Bank,* 215 Mass. 18.    But we do not need to pass upon this point.

Nor is it necessary for us to determine whether by reason of the action of the plaintiff in depositing the amount of these and other dividends in a separate fund apart from its other assets,

that fund became a special fund charged with the payment of the dividends so that a trust was created for their payment out of that fund, by reason of which the running of the statute of limitations would be prevented until there was a repudiation of the trust or a denial of the rights of the intestate thereunder. It was intimated in the leading English case that this might be so. *In re Severn & Wye & Severn Bridge Railway*, [1896] 1 Ch. 559. In this country it has been expressly so held. *Matter of Le Blanc*, 14 Hun, 8, and (on appeal) 75 N. Y. 598. That decision, though said to be a border case, was recognized as law in *People v. Merchants & Mechanics' Bank*, 78 N. Y. 269. See to the same effect *Le Roy v. Glove Ins. Co.* 2 Edw. Ch. 657; *Searles v. Gebbie*, 115 App. Div. (N. Y.) 778, affirmed in 190 N. Y. 533; *American Loan & Trust Co. v. Grand Rivers Co.* 159 Fed. Rep. 775.

Lloyd the intestate became the owner of this stock in 1818. Then he seems wholly to have disappeared. Nothing since has been heard of him, although diligent inquiries have been made, reaching back for many years succeeding the time when he became a stockholder. Dividend checks sent to him have failed of delivery. In 1843 the word "deceased" was written against his name on a list of stockholders among the papers of the petitioner. This did not purport to be a statement that he had then or recently died. It indicates that the officers of the petitioner either had then learned of his earlier death or had inferred it from the fact that he had been unheard of for nearly twenty-five years. A presumption of his death arose in 1825, seven years after he last had been heard of, though this was not conclusive. *Flynn v. Coffee*, 12 Allen, 133. *George v. Clark*, 186 Mass. 426. The case before us stands in the same position as if this were an action brought by the administrator of his estate against the plaintiff to recover the amount of these dividends, to which the plaintiff had pleaded the statute of limitations. The first of the dividends was declared in February, 1825; and the ordinary period of limitation, under R. L. c. 202, § 2, would not expire until February 14, 1831. Unless Lloyd survived that date, the cause of action would not be barred until two years after the administrator of his estate had been appointed and had given bond for the discharge of his trust, that is, not before July 17, 1915. R. L. c. 202, § 10. *Gallup v. Gallup*, 11 Met. 445. *Bates v. Kempton*,

7 Gray, 382, 384. The purpose of the Legislature was to extend the time within which actions could be brought, so as to include both the periods mentioned in the statute. *Converse* v. *Johnson,* 146 Mass. 20, 23. *Sullivan* v. *Sullivan,* 188 Mass. 380, 382. Such cases as *Hill* v. *Mixter,* 5 Allen, 27, and *Corliss Steam Engine Co.* v. *Schumacher,* 109 Mass. 416, in which the action was brought against the personal representative of the debtor, have no application.

But it is not known what was the time of Lloyd's death. We know only that a presumption that he was dead arose in 1825. It was stipulated that the court might draw inferences from the agreed facts. See also St. 1913, c. 716, § 5. We feel compelled to draw the inference that Lloyd died before February 14, 1831. It follows that the case is governed by the provisions of R. L. c. 202, § 10, and that the administrator of Lloyd's estate is entitled to receive the amount of these dividends. It has not been suggested that the rights of a public administrator are in any respect less than those of any other administrator.

A decree must be entered that the net amount of the fund, with the interest accumulated thereon, be paid to the public administrator of his estate.

*So ordered.*