JAMES H. MCMAHON, assignee, *vs.* FRANK E. BROWN.

Worcester.   September 28, 1914. — October 22, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Equity Jurisdiction,* Accounting between partners.   *Partnership.   Limitations, Statute of.   Account Stated.   Assignment.   Words,* "Assets."

Where the assets of a partnership, consisting of two persons, are transferred to a corporation, which assumes all liabilities of the partnership, the unsettled claims of the partners against one another upon an accounting do not pass to the corporation as a part of the assets, and a claim of one partner against the other properly may be settled in a suit in equity for an accounting between them.

In a suit for an accounting between partners, where the defendant has set up the statute of limitations and a master has found that the plaintiff's claim to the balance due to him from the defendant did not accrue until the date of the dissolution of the partnership, it is not inconsistent with this finding that on the books of the firm a balance of the amount drawn out by the defendant in excess of his agreed salary was struck against him in each year and the amount charged off to profit and loss instead of being carried over into the next year; as this does not show necessarily a settlement between the partners and can be explained, as it was in the present case, by showing that the other partner did not acquiesce in the bookkeeping entries as a correct statement of the amounts due to him from the defendant.

An account stated is an agreement between parties having mutual claims by which after an examination of their respective claims a balance is struck in favor of one of them.

As affecting the running of the six year statute of limitations, the right to an accounting between partners and to the balance due on 'such accounting accrues at the date of the dissolution of the partnership.

Under R. L. c. 202, § 10, if a member of a former partnership dies before the expiration of the six years after the dissolution of the partnership within which he was entitled to maintain a suit in equity for an accounting against his co-partner, the administrator of his estate may maintain such suit at any time within two years after his giving bond for the discharge of his trust; and an assignee of the rights of such administrator under R. L. c. 173, § 4, may maintain such suit in his own name within the same period.

BILL IN EQUITY, filed in the Superior Court on January 1, 1914, by amendment from an action at law begun by a writ dated June 14, 1912, by the assignee of the administrator of the estate of Charles H. Brown, junior, against Frank E. Brown of Fitchburg for an accounting for the partnership assets of a firm consisting of Charles H. Brown, junior, and the defendant, who carried on the business of manufacturing steam engines in Fitchburg.

The allegations of the bill, which are referred to in the opinion as admitted except those of the fifth paragraph which were denied, were as follows:

"1. That ten years or more ago one Charles H. Brown, senior, of said Fitchburg, who was then engaged in manufacturing steam engines in the city of Fitchburg, desiring to retire from business turned over his aforesaid business to his two sons, Charles H. Brown, junior, and the defendant, Frank E. Brown.

"2. That thereupon by oral agreement the said Charles H. Brown, junior, and the said Frank E. Brown entered into a partnership to carry on said steam engine business in said Fitchburg.

"3. That by said agreement and among other things it was understood and agreed that they, the said Charles H. Brown, junior, and the said Frank E. Brown, should equally share the profits and equally bear the losses of said partnership business, and that both should devote their time and labor to the transaction of said business.

"4. That they continued to carry on said business for some years and until within a few years when because of some financial difficulty they were obliged to dispose of the same.

"5. That in the course of said partnership business the plaintiff alleges that the defendant, Frank E. Brown, drew from the funds of said partnership business in excess of the amount drawn by the said Charles H. Brown, junior, and in excess of the amount to which he, the said Frank E. Brown, was entitled, some seven or eight thousand dollars as will appear from the partnership books and accounts now in the control and possession of A. Z. Goodfellow, Esquire, trustee of the bankrupt estate of the said Frank E. Brown.

"6. That the father, the aforesaid Charles H. Brown, senior, died in November, 1910, leaving as his heirs the said Charles H. Brown, junior, and Frank E. Brown, each of whom was entitled to an undivided part of the estate of Charles H. Brown, senior.

"7. In April, 1911, and before the estate of the said Charles H. Brown, senior, was entirely settled, the said Charles H. Brown, junior, who was administrator of his father's estate, the said Charles H. Brown, senior, died and C. Herbert Brown was appointed administrator of the estate of Charles H. Brown, junior,

and administrator *de bonis non* of the estate of said Charles H. Brown, senior.

"8. That after the death of Charles H. Brown, junior, and after considerable length of time the administrator of the estate of Charles H. Brown, junior, in order to avoid summoning himself as trustee of the estate of Charles H. Brown, senior, in which estate the said Frank E. Brown had an interest, assigned his claim for the collection of said seven or eight thousand dollars hereinbefore mentioned to the plaintiff James H. McMahon."

The case was referred to Peter F. Ward, Esquire, as master, who in his report found the facts that are stated in the opinion. The grounds of the defendant's exceptions to the master's report also are stated in the opinion.

The case was heard upon the defendant's exceptions to the master's report by *Dubuque*, J., who made a decree adjudging that the suit was brought within the time designated by R. L. c. 202, § 10, and therefore might be maintained, overruling the defendant's exceptions to the master's report and ordering that that report be confirmed; and ordering also that the defendant pay to the plaintiff, as assignee of the rights of the administrator of the intestate, the sum of $3,511.11 with interest at six per cent per annum from May 22, 1906, amounting to $1,727.21 and costs of suit to be taxed by the clerk as in an action at law, amounting to $24.13.

The trustee in bankruptcy of the defendant, who had been admitted to defend the suit, appealed.

The case was submitted on briefs.

*C. A. Batchelder*, for the trustee in bankruptcy of the defendant.

*T. L. Walsh, C. B. O'Toole & J. H. Walsh, Jr.*, for the plaintiff.

BRALEY, J. The master reports that the defendant admitted the material allegations of the first, second, third, fourth, sixth, seventh and eighth paragraphs of the bill, but denied the allegations of the fifth paragraph. It followed from these admissions, as the master has found, that a partnership existed in which the profits and losses should be shared equally between the partners Charles H. Brown, junior, and the defendant. *McMurtrie* v. *Guiler*, 183 Mass. 451. It was terminated on May 22, 1906, when its business and assets were transferred to a corporation which also assumed all liabilities, but the report states that no adjustment or

settlement between the partners was then or at any time there-after made.

The defendant under his first exception contends, that, if upon an accounting any sum whatever was shown to be due from him, the amount belonged to the corporation. But "assets" of a partnership ordinarily mean the property of the partnership originally contributed or which has been subsequently acquired on account of the firm for the purposes of their business. *Scott* v. *McKinney*, 98 Mass. 344. *Reed* v. *Hanover Branch Railroad*, 105 Mass. 303, 304. And the right to an accounting between them-selves after dissolution, and the payment of any balance due from one partner to the other upon a winding up, is not an asset of the partnership. *Harvey* v. *Varney*, 98 Mass. 118. *Wiggins* v. *Brand*, 202 Mass. 141. The master moreover has found as a fact, that neither partner considered "their accounts with each other in reference to said business had been adjusted, cancelled or paid." The intention to make a transfer to the corporation of this mutual liability is thus negatived, and, the evidence not being reported, the finding is conclusive.

The second exception relates to the question whether certain items of the account as stated by the master are barred by the statute of limitations. The controversy over this question centres on the fifth paragraph of the bill, and embraces the merits of the defendant's contention under the third exception. The partner-ship apparently was formed in June, 1899, but the report states that the plaintiff asked only for an accounting from January 1, 1902, to May 22, 1906, the date of dissolution and the time when the master finds that the right matured. It also is stated that the firm at the formation of the partnership intended that each member should withdraw from the business an equal amount yearly whether denominated as salary or expenses or profits, but that neither was to take his salary in full unless warranted by the business, and that no amount to be withdrawn as salary was agreed upon for the year 1902. It was not until the following year that the annual salary was fixed by an agreement which re-mained unchanged until December 31, 1905, when a reduction was made, and the salary then established continued until the firm dissolved. The books having shown the transactions of the partners and the amounts each had withdrawn during the life

of the partnership, the master found that during the year from January 1, 1902, to December 31, 1902, the defendant withdrew funds largely in excess of the sum withdrawn by his partner, and also during the succeeding years overdrew his salary under each of the agreements. In stating the account the master has charged the defendant with all moneys withdrawn and has credited him with the amount due for salary except for the year 1902, where credit is given only to the extent of the sum withdrawn by his copartner. It is contended, that the master erred because the books show that for the year ending December 31, 1902, the accounts were closed by charging the amount of the overdrafts to profit and loss. It is further alleged as error, that, as the books also show that, beginning in 1903, the account of each partner appears to have been balanced at the end of the year and the balance carried forward to the following year, each account became an "account stated" which also comes within the statute. If these views are correct the master should have omitted all items earlier than 1905. But the fact that a balance has been struck against a partner on the firm's books, and the amount charged off to profit and loss and not carried over into the next year is not necessarily a settled account. The partnership had not ended. The account still remained open for adjustment. *Bass* v. *Bass,* 8 Pick. 187, 193. *Volkening* v. *De Graaf,* 81 N. Y. 268, 270. *Mandeville* v. *Wilson,* 5 Cranch, 15, 18. See *Buckingham* v. *Ludlum,* 2 Stew. 345, 354. The finding that Charles H. Brown, junior, claimed an indebtedness largely in excess of the amount finally allowed by the master sufficiently shows that he did not acquiesce in these bookkeeping entries as creating an estoppel in favor of the defendant. Nor do the subsequent balances constitute an account stated. A stated account is an agreement between the parties entered into after an examination of the items by which a balance is struck in favor of one of them. *Chace* v. *Trafford,* 116 Mass. 529, 532. *Lockwood* v. *Thorne,* 11 N. Y. 170, 174. *Hunter* v. *Belcher,* 2 DeG., J. & Sm. 194. It is a final settlement arrived at after the allowance or disallowance of their respective claims. That no statement of the accounts or partial settlement upon this basis ever was made is manifest from the master's report.

The right to an accounting and to the balance due having ac-

crued at the date of dissolution, it was not barred until six years had elapsed. R. L. c. 202, § 2. *Moore* v. *Rawson*, 185 Mass. 264. *Penniman* v. *Rotch*, 3 Met. 216. If by the death of Charles H. Brown, junior, before the expiration of this period the duly appointed administrator of his estate at any time within two years after giving bond for the discharge of his trust could have maintained the bill, the plaintiff to whom the administrator has assigned the claim is clothed with his rights. R. L. c. 202, § 10; c. 173, § 4. *Boston & Roxbury Mill Corp.* v. *Tyndale*, 218 Mass. 425. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461, 465. The suit having been seasonably begun and none of the exceptions well taken the decree for the plaintiff should be affirmed with costs.

*Ordered accordingly.*