JOSEPH A. RANKIN, APPELLEE, v. NORTHERN ASSURANCE COMPANY, APPELLANT.

FILED APRIL 3, 1915.    No. 18036.

1. **Evidence:** REFUSAL TO PRODUCE WRITINGS: INSTRUCTIONS. When the plaintiff in an action has complied with section 7960, Rev. St. 1913, and the other party refuses to produce the instrument called for when so ordered by the court, it is the duty of the court to "direct the jury to presume it to be such as the party (desiring it as evidence) by affidavit alleges it to be."

2. ———: ———: ———: INDORSEMENTS: COMPETENCY. This section also applies to indorsements on the writing called for. The question as to the competency of such indorsements in evidence would be the same as if the writing itself had been produced in evidence.

3. ———: PAROL EVIDENCE: RECEIPT. When a receipt given for payment of premium for insurance fails to state upon which of two pending applications the payment is made, parol evidence is competent upon that question.

4. Insurance: CONTRACTS OF LOCAL AGENTS. The contracts of a local agent of an insurance company are binding upon the company if within the apparent authority of the agent and are entered into in good faith by the insured.

5. ———: LOCAL AGENT: COLLECTION OF PREMIUMS. If such agent has authority to collect the first year's premium and accepts payment of the same partly in cash and partly by note on short time, and no objection is made on that ground when known by the company, such payment will be binding upon the company.

6. Trial: INSTRUCTIONS. No reversible error is found in instructions complained of, nor in the refusal of requested instructions.

7. Insurance: CONTRACT. A contract of insurance "may be in writing or may be verbal, or partly in writing and partly oral."

8. Trial: ARGUMENT. Mere statements of opinion or conclusions in argument of counsel, even though in themselves objectionable, will not require a reversal, unless it appears that the jury might have been misled or prejudiced thereby.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Will H. Thompson* and *Fred H. Aldrich,* for appellant.

*G. W. Shields & Sons, contra.*

SEDGWICK, J.

The plaintiff in his amended petition alleges that the defendant is an insurance company doing a general life insurance business, and that on the 1st day of June, 1910, the defendant entered into a contract, partly verbal and partly in writing, with the plaintiff's wife, Mabel Rankin, whereby the defendant insured the life of Mabel Rankin in the sum of $1,000, payable to the plaintiff upon the death of Mabel Rankin. A copy of the alleged written portion of

the contract is attached to the amended petition. It is further alleged in the amended petition that Mabel Rankin departed this life on the 24th day of June, 1910; that the defendant was duly notified thereof and payment demanded, which was refused. The defendant admitted that a written application was made to the defendant for insurance upon the life of Mabel Rankin, which was signed by her, and that a payment of $5 was made to the agent taking application, and that it was agreed that a written policy of insurance would upon the payment of the remainder of the premium be issued "if the said application should be accepted by the said company." The answer further alleged that the application contained a provision that there should be no contract of insurance and no policy should be in effect until the first premium should be paid by the said Mabel Rankin during her lifetime and while she was in good health, and that said premium had not been paid, and denied that there was any verbal contract or any other contract than as admitted in the answer. There was a verdict and judgment in favor of the plaintiff, and the defendant has appealed.

The principal issue presented by the pleadings was as to the contents and proper construction of the application for insurance. After the action was begun, and before the amendment of pleadings, the plaintiff demanded of the defendant an inspection and copy, or opportunity to obtain a copy, of the application. The defendant offered to allow an inspection of the application at its office in Detroit, Michigan, but refused to present the application for inspection at the office of the plaintiff's attorney, and afterwards failed to bring the same into court. The court, upon motion of plaintiff, ordered the defendant "to produce said written application for inspection." The plaintiff offered in evidence his affidavit alleging the contents of the application and the indorsements thereon. The defendant objecting thereto, the plaintiff's attorney, having been sworn as a witness, testified that when the order to produce the application was made by the judge then presiding, attorneys for both parties being present in open court, the de-

fendant's attorney said that "no matter what the consequence might be he would refuse to produce that document." The defendant's motion to strike out this evidence was overruled. This ruling was clearly right. The order to produce the document had not been complied with, and this evidence showed conclusively that the refusal was wilful and without justification, and such refusal required the court to "direct the jury to presume it to be such as the party (desiring it as evidence) by affidavit alleges it to be." Rev. St. 1913, sec. 7960. The plaintiff's affidavit is in the record and must be considered as correctly stating the contents of the application. This, of course, also applies to the indorsements on the application. Such indorsements must be considered to be as alleged in the affidavit. The question as to the competency of such indorsements in evidence would be the same as if the application itself had been produced in evidence.

The defendant asked the court to instruct the jury to return a verdict for the defendant, which the court refused. This question is discussed at large in the briefs, and many special assignments of error are predicated upon it.

It appears that two applications were made and were pending together, one upon the life of Mr. Rankin, and one upon the life of his wife, Mabel Rankin. Mr. Rankin paid $5 and gave his note for the remainder of one year's premium on one of these applications. He contends that the payment was made on Mrs. Rankin's application, but the defendant contends that it was upon the application of Mr. Rankin, and that no premium was paid for the insurance here sued for. The receipt in evidence shows that the $5 was paid by Mr. Rankin; but he testifies that it was paid for Mrs. Rankin, and he is well supported in this. He produced another witness who so testified, and also the company's agent himself testified upon cross-examination: "Did you receive any cash upon the policy of insurance—upon the application on the life of Joseph A. Rankin? A. No, sir. Q. Did you receive any cash upon the application of Mrs. Rankin? A. Yes, sir. Q. That is

the only money that you received as a matter of fact?   A. Yes, sir." The receipt above referred to and the application of Mrs. Rankin as stated in the plaintiff's affidavit constitute the contract between the parties. The receipt is called by both parties "the binding receipt." It contained the provision: "The assurance will be in force from the date of the medical examination; provided, the risk is accepted by the medical directors of the company * * * provided, a medical examination and complete application is made and submitted to the company at its home office, in Detroit, Michigan, and that the applicant, if he shall not receive his policy within thirty days from the date thereof, shall notify the company." It specified that the agent had authority to collect the first year's premium. The $5 in cash and note on short time were received by him as such payment, and no objection was made by the company on that ground. It was therefore sufficient payment.

The defendant appears to rely upon certain clauses in the rate book of the company and in other documents not called to the attention of the assured. The agent acted within his apparent authority in disregarding such provisions, and the defendant is bound by such acts of its agent.

There was some conflict in the evidence as to the time of the commencement of Mrs. Rankin's fatal illness, and defendant contends that the examining physician was deceived as to her condition. But this and similar questions were for the jury and appear to have been fairly submitted.

The defendant's assignments of error, 3 to 8, inclusive, are upon the refusal of the court to give instructions requested. Some of these requested instructions were substantially given by the court; others relate to the sufficiency of the evidence upon points discussed. We find no reversible error in refusing these requested instructions.

In the condition of this record, there was no reversible error in instructing the jury that a contract of insurance

"may be in writing or may be verbal, or partly in writing and partly oral." The defendant's assignments, 10 to 14, inclusive, complaining of instructions given by the court, relate to matters already sufficiently discussed.

The contract was made with defendant's local agent, and it was immaterial who the general agent of the company might be.

Remarks of plaintiff's counsel in argument are objected to as misconduct; but these remarks were generally expressions of opinion, and we have not observed that the record shows that counsel made such statements of fact as require a reversal.

We have not found any error in the record requiring a reversal, and the judgment of the district court is

AFFIRMED.

BARNES and ROSE, JJ., not sitting.