No. 915 Southern Bristol, ss.

NEW BEDFORD . CONTRACTING CO. INC. AND BENJAMIN F. WATKINS (W. D. Stein)

v. HARRY L. BOCHMAN, d. b. a. BOCHMAN OIL COMPANY. (G. H. Young)

From the Third District Court of Bristol—Potter, J.
Argued May 8, 1941—Opinion Filed June 6, 1941

━━━━━━━

SANBORN, P.J. (Estes, & Briggs, JJ.)—This is an action of contract to recover for labor and materials furnished in the excavation of a hole for the installation of gasoline tanks, the declaration being in two counts, one in *quantum meruit* and the other on a written contract. The plaintiff elected to rely upon the one in *quantum meruit.*

The court granted the plaintiff's request, "That there is

sufficient evidence to warrant a finding for the plaintiffs on the count in *quantum meruit*."

A finding was originally made for the plaintiffs in the sum of $249.37, and the defendant duly claimed a report. After hearing on the draft report, the court withdrew its finding, and made a substitute finding in the sum of $549.37. This latter finding is the basis of a motion for a new trial which the court denied.

The only questions here presented are, first, whether the defendant's exhibit 7 is conclusive of an accounting, and second whether the evidence warranted a finding on a *quantum meruit*.

Exhibit 7 is a statement of an account based on the contract price, rendered by the defendant to the plaintiff, at the bottom of which appear the words "Rec'd by: Benj. F. Watkins." The court in a detailed and extended finding referring to this receipt said, "There was no evidence that the matter was discussed or any figures talked about or of any conflicting contentions. The last date thereon was two days before the work on the job was completed and on that day the plaintiffs owed the defendant $28.18 for gasoline and oil, and about which nothing was said."

In *McMahon* v. *Brown*, 219 Mass. 23, the court said, "A stated account is an agreement between the parties entered into after an examination of the items by which a balance is struck in favor of one of them . . . it is a final settlement arrived at after the allowance or disallowance of their respective claims." *Davis* v. *Arnold*, 267 Mass. 103. Whether the parties had an accounting was a question of fact, and we are of the opinion the trial court was warranted in finding there had been none, and that a statement rendered under the circumstances here present, when the work had not been completed, and which did not take into consideration an item of indebtedness admittedly owed by the plaintiffs to the defendant, was not conclusive evidence of an accounting as contended by the defendant. This request was properly denied.

The court found there had been a novation. This likewise involved a finding of fact. There was evidence that on striking ledge in the first hole, the plaintiff told the defendant the contract was ended and that the defendant instructed him to dig another hole and that he would "make it right." Whether the written contract contained any provisions regarding rescission of the contract in the event solid ledge was encountered, we cannot say, as the report does not set forth the contract. Whether the exhibits, interrogatories and answers, which are mistakenly stated to be a part of the report, but are not set forth in it, throw any light on the question of rescission, we are also unable to say. The trial court had all this evidence before it, and we are of the opinion it could warrantably find the written contract was terminated, and the second excavation made on a *quantum meruit* basis. It seems unnecessary to say such findings of fact are not open to review by this

court. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139. There was no error in denying the defendant's request No. 3.

Other questions, not presented by the record, have been argued by the defendant. No question of law is raised by the denial of the motion for a new trial, as such action is addressed to the discretion of the trial court and it does not appear that there has been any abuse of that discretion.

Objection is also made to the action of the trial court in altering the amount of its finding. Such action was clearly in the power of the court. *Conway* v. *Kenney,* 273 Mass. 19.

No prejudicial error appears and this report is to be dismissed.