No. 985          Southern          Bristol, ss,

## REO SALES CORPORATION     (Zephyr D. Paquin)
## v. METROPOLITAN MOTOR CAR EXCHANGE,
     INC., et trs.         (George B. Goodman)

From the Third District Court of Bristol—Potter, J.
Argued April 8, 1942—Opinion filed April 27, 1942

BRIGGS, J. (Estes, A. P. J., and Rowe, J.)—This is an action of contract in which the plaintiff seeks to recover $282.48 on an account annexed for goods sold by the plaintiff to the defendant. The answer is a general denial and allegation of payment.

There was evidence that the attorney representing the plaintiff had a talk with the defendant concerning an account between parties hereto, and they agreed on the amount due and received a promise of payment of a balance as agreed in the amount of $282.48.

At the close of the trial the defendant duly requested a ruling that "There is no evidence upon which the Court can base a finding for the plaintiff." This was denied and the Court made this finding: "I find that there was an accounting together. In this state of the case I find for the defendant unless within ten days the plaintiff shall amend its declaration with a count for the balance found due to the plaintiff by the parties on accounting together, in which event judgment shall be entered for the plaintiff for $282.48, with interest to the date of the writ."

Within ten days, in accordance with the findings the plaintic filed an amendment to his declaration, based on an accounting together which was allowed by the Court.

The only question before us is whether the Court erred in the denial of the defendant's request. The defendant did not appear to argue the matter before this Court, nor did he file any brief in compliance with its rules.

Where the issues in an action have been fully and fairly tried the Court has the power to allow an amendment to the declaration in order to make the statement therein of the cause of action conform to the evidence, and thus avoid a

variance. See *Bucholz* v. *Green Bros. Co.*, 290 Mass. 350, and *Pizer* v. *Hunt,* 253 Mass. 321, and cases there cited.

The Court warrantably found that the parties had an accounting together. This formed the basis for an account stated, which is an agreement that the balance of all items of an account representing the previous monetary transactions of the parties thereto are correct. It is an acknowledgment of the existing condition of liability between the parties. From it the law implies a promise to pay whatever balance is thus acknowledged to be due. See *McMahon* v. *Brown,* 219 Mass. 23. *Barker Auto Co.* v. *Bennett,* 219 Mass. 304, at 308. *Chace* v. *Trafford,* 116 Mass. 529.

The amendment filed and allowed sufficiently set forth the facts of the accounting together and the amount agreed to be due on the accounting. The evidence was sufficient to support the finding. We find no error, and the entry will be

*Report dismissed.*