Stewaht, J.
The questions before us are: 1. Did the trial court err in the admission of plaintiff’s exhibit “U” which was the affidavit of plaintiff filed under Section 11552, General Code. 2. Did the trial court err in giving special instructions numbered one, two, and three, and in its general charge to the jury. 3. Did the trial court err in overruling defendant’s motions for a directed verdict and for a judgment notwithstanding the verdict. 4. Did the trial court err in sustaining defendant’s motion to withdraw from consideration of the jury plaintiff’s claims numbered two, three, and four because of the trial court’s finding that there was a complete failure of proof?
Section 11552, General Code, reads:
“Either party, or his attorney, in writing, may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper, or document in his possession, or under his control, containing evidence relating to the merits of the action or defense, specifying the book, paper, or document with sufficient particularity to enable the.other party to distinguish it. If compliance with the demand within four days be refused, on motion and notice to the adverse party, the court or judge may order the adverse party to give the other, within the time specified, an inspection and copy, or permission to take a copy, of such book, paper, or document. On failure to comply with such order, the court may exclude the paper or document if of *458 fered in evidence, or, if wanted as evidence by the party applying’, may direct the jury to presume it to be such as such party, by affidavit, alleges it to be. This section shall not prevent a party from compelling another to produce any book, paper, or document when he is examined as a witness. ’ ’
Upon order of the court, plaintiff was given the opportunity to inspect and copy all the documents with reference to sales made by him, including purchases made by his customers from June 26, 1939, to November 1, 1943, although he claimed that the papers and books were kept in such a manner as to make it too difficult a job for him and his auditors to properly inspect and copy them. Such papers and documents were destroyed after plaintiff and his auditors had had the opportunity to inspect and copy them, such destruction claimed by defendant to have been made in the regular course of business.
As to the orders secured by plaintiff on which the merchandise had been delivered after December 31, 1943, there was testimony that they had been destroyed by defendant before plaintiff had been granted the right to inspect and copy them, for the reason that defendant had expected trouble with plaintiff.
Plaintiff’s affidavit, exhibit “U,” after alleging the order of the court authorizing the inspection and the taking of copies, the failure and refusal of defendant to permit such inspection and copying and that such orders had been destroyed by defendant, further reads:
“Affiant further says that he is entitled to commissions upons such sales made by him while employed by defendant, the orders for which were, or should have been delivered and charged by defendant subsequent to December 31st, 1943, and that the total amount of the commissions to which he is entitled upon such orders claimed to have been destroyed by defendant is $2,500.
*459 “Affiant further says that this affidavit is made in accordance with the provisions of Section No. 11552 of the General Code of Ohio.”
Under Section 11552, is the affidavit of plaintiff sufficient for admission in evidence?
The trial court admitted the affidavit and charged the jury that if it found the plaintiff entitled to recover it was to presume that his commissions amounted to $2,500.
If the affidavit is insufficient and its admission was erroneous, it follows that prejudicial error was committed in admitting it as well as in the general charge concerning it and special charge number three which was to the same effect.
Section 11552 is not peculiar to Ohio as there are like statutes in other states. See California Code of Civil procedure, Section 1000; General Statutes of Kansas (1949), 60-2850; Minnesota Statutes Annotated, Section 603.01; and Remington’s Revised Statutes of Washington, Section 1262.
The existence of statutory authority creating the presumption of the correctness of the demanding party’s claim as to the contents of documents is commented upon in 22 Corpus Juris, 966, Section 1201, note 67, and in 32 Corpus Juris Secundum, 676, Section 760. See DeBrueys v. Burns, 144 La., 707, 81 So., 259, Rankin v. Northern Assurance Co., 98 Neb., 172, 152 N. W., 324; Bova v. Roanoke Oil Co., Inc., 180 Va., 332, 23 S. E. (2d), 347; and Supreme Life & Casualty Co. v. Walls, 180 Ark., 895, 23 S. W. (2d), 251.
It will be found in most of those cases that the affidavits alleged facts as to the actual contents of such documents, the inspection and copying of which were refused. It would seem that it is not contemplated that an affidavit is sufficient which alleges only a general conclusion to which the documents might lead, with no allegation as to the contents of the documents themselves.
*460 In exhibit “U” plaintiff made no statement with reference to the contents of any of the destroyed documents but simply said that the total amount of commissions to which he was entitled upon the orders claimed to be destroyed was $2,500.
It must be remembered that in the present case plaintiff was entitled to commissions ón the net profits of his sales and not on the amount of the sales themselves, and that the period involved was during a war when materials were allocated and when some of defendant’s products could not be delivered. In order to calculate and have evidence of the net profits which would have accrued by the completion of the sales, and to determine whether defendant’s failure to deliver articles which plaintiff had sold was in good faith, it would be necessary to know the nature of the articles which plaintiff sold, as well as the amount of them. If the sales orders had been in evidence, such calculation and evidence would have been essential, and it would have been erroneous to allow plaintiff to have testified merely as to his estimate of what was due him.
Section 11552, General Code, provides that, upon failure of defendant to comply with the order, the court may direct the jury to presume that the documents wanted are such as the party wanting them may by affidavit allege such documents to be. In other words, the party who is- entitled to substitute his affidavit for the documents must allege in that affidavit what he claims the documents contain, and then the jury may presume that the documents do contain what the affidavit alleges.
The statute nowhere provides that the jury may presume a conclusion or estimate from the facts contained in the documents to be true where no facts of any kind as to the contents of the documents are stated in the affidavit.
*461 It would seem a fantastically foolish thing to allow a jury to presume an estimate of damages to be correct where no facts are given to support that esimate. In such a case the one making the affidavit could name any figure, however ridiculous, as his estimate of the amount due him and the jury would have to return a verdict for that amount. The mere statement of this proposition demonstrates its absurdity.
Plaintiff in his brief relies upon the maxim, omnia praesumuniur contra spoliatorem (all things are presumed against a wrongdoer), and many authorities are cited to the effect that where the destruction of documents has been intentional and for the purpose of depriving the opposing party of evidence, the utmost inference logically possible should favor the party aggrieved, and that the contents of the documents destroyed should be presumed to be what the party aggrieved so alleges them. 2 Wigmore on Evidence (3 Ed.), 187, Section 291; Pomeroy v. Benton, 77 Mo., 64; Haid, Admr., v. Prendiville, 292 Mo., 552, 238 S. W., 452; and Sullivan, Admr., v. Sullivan. 188 Mass., 380, 74 N. E., 608.
Plaintiff claims further that along with the presumption to which he has referred, only slight evidence is required, or evidence which might otherwise be unsatisfactory standing alone, to support a claim based upon the destroyed documents.
With these contentions of plaintiff we are in accord, and if he had stated in his affidavit a resume of what orders he took, what type of merchandise was involved, what was the price, or other information showing his sales from which the net profits to defendant could be calculated, we would bé impelled to hold that under Section 11552 such an affidavit would be admissible in evidence and presumed to be correct even though it necessarily would not have stated the exact contents of the destroyed documents.
*462 In the- present ease, however, there are no facts 'stated in the affidavit with reference to any of the contents of the documents upon which plaintiff based his claim and, therefore, the affidavit does not comply with Section 11552, General Code. Consequently, its admission in evidence was prejudicially erroneous. It necessarily follows that both plaintiff’s special charge No. 3 and the language in the general, charge, to the effect that in case it found for thé plaintiff the jury should presume that the amount due plaintiff as commissions upon the orders destroyed by defendant was •such as is alleged in plaintiff’s affidavit, were erroneous.
Defendant contends' that it is entitled to a final judgment for .the reason that if plaintiff’s affidavit was erroneously admitted in the trial of the case there was- a complete failure of proof to sustain plaintiff’s claim. We are of the'opinion, however, that the cause should be remanded for a new trial for the following reasons:
"1. Plaintiff, when on the witness stand, was asked the basis of his claim for the $2,500 commissions. The court' sustained an objection of defendant upon the ground that the affidavit had already put that basis in evidence and since the affidavit was before the jury plaintiff would not be allowed to give any evidence as to how he arrived at that figure. Plaintiff excepted to the court’s ruling. We are of the opinion that the court was in error in not allowing plaintiff to testify as to the sales he made and as to any other pertinent -matters which would show the amount of commissions due him.
It is true that ordinarily an alleged error by the trial court- in sustaining' an objection to a question asked in direct examination is not reviewable in the absence of a profert of the desired evidence, as in the absence of such profert a reviewing court cannot *463 determine whether the action of the trial court was prejudicial. Smith v. Rhodes & Wilt, 68 Ohio St., 500, 505, 68 N. E., 7. See cases collected under 2 Ohio Jurisprudence, 339, Section 169.
However, in this case the court clearly indicated that it would hear no evidence supporting plaintiff’s claim since it was presumed to be proved by plaintiff’s affidavit. Therefore, we- are of the opinion that plaintiff is entitled to have his case retried for the purpose of allowing him to produce evidence in support of his claim if he is able to do so.
2. There was evidence offered as to the authority of plaintiff to accept orders for future delivery; as to orders shipped after December 31, 1943, on which the name of plaintiff as salesman had been stricken out and the words, ‘‘Hadr. Spec.,” inserted in place of his name; that orders for future delivery were taken by plaintiff; and that some of plaintiff’s orders were turned over to and filled by his successor.
In view of this evidence we cannot say that there was an entire lack of proof upon plaintiff’s part which would justify a final judgment for defendant.
As to plaintiff’s special charges Nos. 1 and 2, we cannot say that they were prejudicially erroneous. No. 1 is to the effect that, if the jury should find that defendant received various sums of money on which plaintiff is entitled to commissions, and the amount and-source of these sums are known to defendant and not' to plaintiff and the books and records thereof were-kept by defendant and not by plaintiff, the defendant is a trustee for plaintiff and the law requires that defendant account to plaintiff for' such commissions.-Whether, under such circumstances, defendant-would be a trustee is immaterial, for the reason that unquestionably defendant should and must account for any money which it has belonging to plaintiff.
Charge No. 2 is to the effect that, if defendant, as *464 trustee, is liable to plaintiff for commissions, and the amount and source of the sums due plaintiff are known to defendant and not to plaintiff, and the books and records thereof were kept by defendant and not by plaintiff, then defendant as such trustee owed to plaintiff the duty to keep full accounts and records concerning plaintiff’s orders for sales, and plaintiff has the right of access to such accounts in order to determine the amount due him from defendant.
This charge is substantially correct and under Section 11552, General Code, plaintiff can secure access to the accounts, but the charge is not particularly applicable to the present case for the reason that the accounts were destroyed and the case hinges entirely upon proof by plaintiff either by affidavit as to what the accounts would show or by evidence aliunde.
With reference to the cross-appeal of plaintiff claiming that the trial court and the Court of Appeals were in error in sustaining defendant’s motion to withdraw from consideration of the jury plaintiff’s claims numbered two, three, and four, we are of the opinion that both courts below were correct in the judgments they rendered.
As to the failure to credit plaintiff with telephone or mail orders, or those given by customers calling in person, the record does not show any probative or material evidence with reference to such failure. Likewise, as to plaintiff’s claim that defendant failed and refused to fill plaintiff’s orders because of diversion of merchandise by defendant to its retail stores, there is no evidence in the record as to any unreasonable diversion of such merchandise to retail stores or any agreement that such diversion should not be permitted.
As to plaintiff’s claim that defendant added two and one-half per cent of the cost to the catalog cost of merchandise shipped and delivered to his customers, *465 there is no showing that the addition of such a percentage was unreasonable.
As we have said, it must be remembered that plaintiff’s contract was not for a commission on the amount of sales he made but was for a commission of a percentage of the net profit accruing to defendant from such sales. In the absence of a showing to the contrary, a two and one-half per cent addition to the cost cannot be said to be an unreasonable allowance for overhead expense.
Plaintiff’s argument as to the effect of Section 11551, General Code, upon his claims is without merit, for the reason that that section is not involved in the present case. By the provisions of that section, parties to an action may be ordered by the court to produce books and writings in their possession or power which contain evidence pertinent to the issue. This production must be upon motion and reasonable notice. The section provides further that if plaintiff fails to comply with such order, on motion the court may give judgment for the defendant as in case of nonsuit, whereas if a defendant fails to comply with such order, on motion the court may give judgment against him by default. The record shows no motion or order of the court under the provisions of that section.
The judgment of the Court of Appeals in respect to plaintiff’s cross-appeal is affirmed, and such judgment in respect to defendant’s appeal is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.
Judgment accordingly.
Weygandt, C. J., Zimmerman, Middleton, Taft, Matthias and Hart, JJ., concur.