DALE D. ANDERSON ET AL., APPELLEES, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLANT.

168 N. W. 2d 383

Filed June 6, 1969. No. 37091.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Warren D. Lichty, Jr., John P. Regan, and Gary R. Welch, for appellant.

McGinley, Lane, Mueller, Shanahan & McQuillan, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action in eminent domain. Defendant asserts prejudice by reason of remarks of plaintiffs' attorney to the jury during argument. We do not find error of a prejudicial nature and affirm the judgment of the district court.

The alleged erroneous remarks were as follows:

"Now, the good, gracious Mr. Pilmer, he did come in

with one thing. He said, 'Yes, that they should have a loading pen on the north, a chute'. He didn't give any cost for it; he didn't give any cost for the fences; he didn't give any money value for any of the improvements. * * *

"I want to refer here for a moment to this testimony, and I mentioned it to you here before, that Mr. Pilmer —if you give credit to the improvements that have to go in there, that he recognizes have to go in there, you are at a $5,200.00 figure, as best I can reach."
Objections to these remarks were overruled.

The witness. Pilmer did not state that there should be a loading pen or chute on the land lying north of the highway nor did he intimate that any improvements had to be constructed in that area. He had testified that damages for land taken and to the remainder amounted to $4,000. Other evidence introduced by plaintiffs was to the effect that fences, a corral, and a barn or shed would have to be constructed on this land at a cost of about $1,300 if it were to continue in use in cattle operations. There was evidence in the record to sustain the statements of counsel, but he erroneously attributed the statements to Pilmer, a witness for defendant. The jury returned a verdict for almost double the figure of $5,200 attributed to Pilmer and in so doing, necessarily relied on other evidence adduced. Defendant does not assign as error excessiveness of the verdict. Furthermore, the court instructed the jury: "* * * you should not be influenced by statements of counsel not supported by evidence."

Under the circumstances, the error appears to be harmless and nonprejudicial. Misconduct of an attorney to require a new trial must be such as prejudices the substantial rights of a party. See, Rankin v. Northern Assurance Co., 98 Neb. 172, 152 N. W. 324; 5A C. J. S., Appeal & Error, § 1713, p. 856.

The judgment of the district court is affirmed.

AFFIRMED.