(58 South. 414 )

No. 18,902.

Succession of SCHWABACHER.

(April 8, 1912.)

*(Syllabus by the Court.)*

·1. PARTITION (§ 12*)—PROPERTY SUBJECT—
MINORS AND THEIR TUTORSHIP—ADJUDICATION OF PROPERTY.

Movable as well as immovable property may be adjudicated under article 343 of the R. C. C., which reads:

"Whenever the father or mother of a minor has property in common with him, they each can cause it to be adjudicated to them, either in whole or in part, at the price of an estimation made by experts appointed and sworn by the judge, after a family meeting, duly assembled, shall have declared, that the adjudication is for the interest of the minor, and the undertutor shall have given his consent thereto; and in this case the property so adjudicated shall remain specially mortgaged for the security of the payment·of the price of the adjudication and the interest thereof."

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 38–51; Dec. Dig. § 12.*]

2. PARTITION (§ 12*)—PROPERTY SUBJECT—
ADJUDICATION BETWEEN PARENT AND CHILD.

The shares of stock belonging to the community which formerly existed between his father and mother were held in common by the minor and his surviving parent, and came under the provisions of article 343, R. C. C.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 38–51; Dec. Dig. § 12.*]

3. APPEAL AND ERROR (§ 1116*)—PROPERTY·
RIGHTS—ADJUDICATION.

While the shares of stock were subject to· an adjudication under article 343, there is no authority in this court to order in this case that the surviving parent shall give a special mortgage to secure the payment of the price· of the adjudication of movable property, nor is there any authority in this case to order· that the stock shall be deposited in escrow.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4411, 4412; Dec. Dig. §· 1116.*]

4. PARTITION (§ 98*)—PROPERTY RIGHTS—·
ADJUDICATION.

The minor's claim for the price of the adjudication is secured by a mortgage on all immovable property of the surviving parent.

[Ed. Note.—For other cases, see Partition,. Cent. Dig. §§ 323–328; Dec. Dig. § 98.*]

---

Appeal from Civil District Court, Parish of Orleans; J. Porter Parker, Judge.

Succession of Henry Harold Schwabacher. Rule by Mrs. Clara Keiffer against J. & M. Schwabacher, Limited. From a judgment for plaintiff in rule, defendant in rule appeals. Affirmed.

Gustave Lemle, W. Catesby Jones, and Arthur A. Moreno, for appellant J. & M. Schwabacher, Ltd. Dufour & Dufour and George· Janvier, for appellee.

BREAUX, C. J. Mrs. Clara Keiffer, widow of Henry Harold Schwabacher, proceeded by rule against J. & M. Schwabacher, Limited,. for a judgment decreeing that they must transfer 350 shares of their· capital stock entered in the name of Henry Harold Schwabacher to her.

Henry Harold Schwabacher died testate,. and in his will made his wife, plaintiff in rule, and their only child, Julius Louis Schwabacher, his universal legatees.

There was a community existing between plaintiff in rule and her late husband. The record informs us that during the existence of the community Henry Harold Schwabacher owned 550 shares of.the corporation limited of J. & M. Schwabacher, which shares

were carried on the inventory of the succession and appraised at $79,750.

Mrs. Schwabacher, plaintiff in rule, averred, in substance, that 350 shares of the 550 shares above mentioned were the property of the matrimonial community. There was considerable other property also owned by the community.

Plaintiff in rule also averred that on her petition, addressed to the civil district court, after legal proceedings, she was adjudged owner of the property under article 343 of the Revised Civil Code, which authorizes the court to adjudicate property owned in common to the surviving parent. The order under which she went into possession of the property of the community recites "that Mrs. Clara Keiffer, widow of Henry Harold Schwabacher, deceased, be recognized as the widow in community of said deceased," and she and her son, Julius Louis Schwabacher, are recognized in this order as the universal legatees under the last will of the deceased, and are sent into possession of all the property, both personal and real, left by the deceased, which was then in possession of the executor, in the proportion of one undivided half each. The order recites, further, that the interest of the minor in all of the property is subject to the usufruct of the mother, plaintiff in rule, and more particularly of the following described property. Here follows a long list of property, including the 550 shares before mentioned.

It is also in place to state that the whole of the 550 shares of stock are carried on the inventory as belonging to the matrimonial community, and that letters of natural tutorship were issued to the mother, Mrs. Clara Keiffer. She sued, however, in her personal capacity.

After having heard the rule before mentioned, the court made it absolute and condemned defendant to forthwith transfer to Mrs. Clara Keiffer, widow of Henry Harold Schwabacher, the 350 shares of stock standing in the name of Henry Harold Schwabacher upon the books of the company upon the surrender of the certificate in the name of Henry Harold Schwabacher.

Defendant in rule, the firm of J. & M. Schwabacher, has appealed.

The defendant asked for a reversal of the judgment on the following grounds, to wit: A formal partition of the stock is not necessary; the property consisting of the shares before mentioned is reduced to units of equal value; therefore a partition is not necessary; that the property was not in common between the adjudicatee and her son, and therefore the adjudication is a nullity.

In the alternative, the ground is that, if the court takes a different view, then the stock claimed in the rule should be deposited in escrow as security for the minor; that, before compelling respondent to transfer the stock to the widow, she should be required to execute a special mortgage to secure the amount growing out of the adjudication.

The first ground of defendant in rule, to wit, that a partition of the stock is not necessary. This ground may afford good reason to deny to plaintiff in rule the right of possession of the shares. She has already been placed in possession of the property by an order of court. To the possession she is entitled as tutrix, as usufructuary, as joint universal legatee with her son, and as adjudicatee of the property.

[1] The next ground of the defense in the order presented is that the shares being divided are not owned in common, and that, in consequence, there could be no adjudication. The article of the Revised Civil Code on which respondent relies reads as follows:

"Whenever the father or mother of a minor has property in common with him each can cause it to be adjudicated to them in whole or in part at the price of estimation made by ex-

perts appointed by the Judge duly sworn after a family meeting duly assembled have declared that the adjudication is for the interest of the minor and the under tutor shall have given his consent thereto, and in this case the property so adjudicated shall remain specially mortgaged for the security of the payment of the price of adjudication and interest thereon."

Now, as to whether movables can be adjudicated under the article before quoted, it has long since been settled, and it has been decided, that movables, as well as immovables, can be adjudicated.

[4] The objection was that, as the article provided that the—

"property so adjudicated shall remain specially mortgaged for the security of the payment of the price of adjudication, and that as only immovable property could be mortgaged, it followed that the provision cited was not inserted in the article with the view of authorizing the adjudication of movable property."

The interpretation of this part of the statute has been heretofore that it has for effect the securing of all the claims of the minor for movables or immovables on all of the property adjudicated. Massey v. Steeg, 12 La. Ann, 79.

It follows that the whole of the minor's claim is secured by mortgage on all of the immovable property of the plaintiff in rule, which cannot be disposed of without securing the minor's claim as required.

The property was in common between the mother and her son. It had been earned by the community; and, after the death of the de cujus, it became property in common of his heirs and legatees.

[2] The ground of defense, as before stated, that the property is reduced to units of equal value, can be easily disposed of. It may not be necessary to make a partition of this property. There is no purpose, as we understand, of making a partition of the property. While it is true that as to this property alone there may be no necessity to partition it, in case of a partition of the property of the succession, it might be included as a part of the property to be partitioned.

However this may be, considered without reference to partition, it continues to remain the property of both until some action has been taken to divide these shares.

The decision of Fairex v. New Orleans R. Co., cited from 36 La. Ann. 60, is not directly in point. In that case the shares had been disposed of by transferring to some one who had no right to them. The survivor in community brought suit to recover the shares that had been diverted. They had become exclusively her property because other parties in interest had recovered as much of the aggregate shares as they were entitled to. It followed that the remaining shares belonged to the party by whom suit was brought for them.

[3] In the case before us for decision, the survivor in community, who in her different capacities is certainly entitled to her possession, claims a possession plainly given her by the terms of the law. We are not of opinion that we have the authority at the instance of the corporation to deny to her her possession, however praiseworthy it is on the part of the corporation to seek to protect the interest of one from whose name we judge that the members of the corporation feel a greater interest than is felt in a mere stranger. Nor have we authority to order at the instance of the corporation that these shares shall be deposited in escrow, or that a special mortgage shall be executed to protect the minor. There is an undertutor, and, in addition, the machinery of the probate court can easily be put in motion for the protection of the interest of all minors if that interest is exposed to loss.

For reasons assigned, it is therefore ordered, adjudged, and decreed that the judgment is affirmed.