Statement of the Case.
MONROE, C. J.
Defendant is sued upon a 20-year payment policy of life insurance for ?10,000 issued by it in 1890 to Lamy Chopin. The assured defaulted in the payment of the premium due April 5, 1896, and thereafter neither paid any premium nor surrendered thé policy. The beneficiary died August 27, 1892, and the assured died April 11, 1910. This suit was brought by their daughter and heir November 12, 1913. She alleges that demands have been made upon defendant “for the payment of amount due,” and prays that *740 she have judgment for $3,000, with interest from April 11, 1910, “being the value of the policy * * • at the time of Lamy Chopin’s death.”
Defendant pleaded the prescription of 10 years, under O. O. art. 3544, and in this court has pleaded the prescription of 2 years, under Act 68, p. 108, of 1906. Its defense, upon the merits, is that the policy was forfeited by reason of the failure of the assured to pay the premiums, or, within 6 months after the first default, to surrender the policy.
According to the terms of the policy, defendant agreed to pay $10,000 to the beneficiary therein named upon acceptance of satisfactory proofs at its home office of the death of the assured during the continuance of the policy—
“upon the following condition and subject to the provisions, requirements, and benefits stated on the back of this policy which are hereby referred to and made part hereof:
“The annual premium of $398 * * * shall be paid in advance on the delivery of this policy, and thereafter * * * on the 5th day of April in every year during the continuance of this contract, until premiums for 20 full years shall have been duly paid,” etc.
The “provisions, requirements, and benefits” thus referred to read, in part, as follows:
“Payment of Premmms. — Each premium is due and payable at the home office of the company in the city of New York, but will be accepted elsewhere when duly paid in exchange for the company’s receipt signed by the president or secretary. Notice that each and every such payment is due at the date named in the policy is given and accepted by the delivery and acceptance of this policy, and any further notice required by any statute is hereby expressly waived. That part of the years’ premiums, if any, which is not due and is unpaid at the maturity of this contract, shall be deducted from the amount of the claim. If this policy shall become void by nonpayment of premiums, all payments previously made shall be forfeited to the company as hereinafter provided. * * *
“Paidrup Policy. — After three full annual premiums have been paid upon this policy, the company will, upon the legal surrender thereof before default in payment of any premiums, or within six months thereafter, issue a nonparticipating policy for paid-up insurance, payable as herein provided, for the proportion of the amount of this policy which the number of full years’ premiums bears to the total number required.”
Opinion.
We find in. the record a letter offered on behalf of plaintiff, of date May 27,1899, written to the assured by defendant’s local “managers” in answer apparently to an inquiry which the assured had addressed to them. The letter reads as follows:
“New Orleans, La., May 27, 1899.
“Mr. L. Chopin, Derry, La — Dear Sir: In reply to your1 favor of the 25th inst. regarding policy No. 398297, which, as shown by our records, lapsed for nonpayment of annual premium of $398, due April 5, 1896, we regret to say that the policy has now no value whatever, it now [not] having been surrendered to the company within six months from date of default. (See “Paid-up Policy” clause on second page of policy.) There is but one thing left for you to do, and that is to make application to have the policy restored. This, we believe, the company will consent to do, provided you will furnish satisfactory certificate of your good health by a doctor who is an examiner for the company, and pay the overdue premiums, with 6 per cent, interest thereon from dates due (April 5, 1896; April- 5, 1897; April 5, 1898 ; April 5,1899) to date of payment. If the policy is restored and overdue premiums are paid with interest, when [then] it will be your privilege to continue the policy in force, or, within six months thereafter, to surrender it in exchange for a paid-up one of 10/2o of $10,000, or $5,000, nonparticipating and payable at death only.
“Herewith we inclose a blank certificate of health, or application for establishing the policy, which, when properly executed, send to us, with remittance to cover the four overdue premiums, with interest. We will then be pleased to give the matter our prompt attention.
“Yours very truly,
“[Signed] Post & Bowles, Managers.”
The assured appears to have taken no fur-' ther steps in the matter during the (say) 11 years of his life, and nothing was done by plaintiff, his heir, until the fall of 1913, or more than 3 years after his death, when her counsel appears to have addressed a letter of inquiry to the defendant’s local agent, who, by way of reply, called attention to the provisions of the policy that we have quoted, and stated that the policy had not been surrendered as thereby required and that no paid-up policy had been issued.
*742 It is quite clear, we think, that the action of the assured to compel defendant to issue a paid up policy for six-twentieths of the $10,000 was barred.at the time of his death by the prescription of 10 years established by C. O. art. 3544, which applies to all personal actions not previously enumerated in the Code, and that plaintiff!, as his heir, is in no better position to recover the proceeds of such policy, but is, if possible, in a worse position, by reason of the provision of Act 68 of 1906, which reads:
“No action shall be maintained to recover under a forfeited policy, unless the same is instituted within two years from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued.’’
The judgment appealed from is therefore
Affirmed.