ODOM, Justice.
 

 The defendant Life Insurance Company issued to Chris Harris an industrial life insurance policy for $150 on .October 31, 1898; the premium being 15 cents per week, payable in advance. Harris paid the premiums regularly until March 12, 1923. None were paid thereafter, and admittedly the policy lapsed on March 19, 1923, for nonpayment of premiums. The insured died on August 4, 1933, 10 years, 4 months, and 15 days after the lapse.
 

 The policy contained the following stipulation : “If, after the payment of the weekly premium hereon for five or more years, this Policy shall become void by reason of default in the payment of premiums, the Company agrees to issue a non-participating Paid-up Policy for an amount computed according to the first table below, the said Paid-up Policy to be continued in force for the full expectation of life of the Insured, at the date of issue of the Paid-up Policy, according to the second table below, provided that this policy shall be legally surrendered to the Company and application for said Paid-up Policy made in writing on tlje blank obtainable from the Company for that purpose within eight weeks after said default.”
 

 It is clear that the insured could have surrendered this policy within 8 weeks from the date on which it lapsed, and in lieu thereof received a paid-up policy for an amount computed in a table written into the original policy, which paid-up policy would have continued in force during the life expectancy of the insured. But he failed to surrender the policy within that time or thereafter, and died more than 10 years after the lapse without having taken any steps whatever to secure for himself such benefits as might have inured to him under the terms of the policy.
 

 Plaintiff, who is a daughter and heir of the deceased, brought this suit after his death, alleging that even though the policy by its terms lapsed on March 19, 1923, more than 10 years prior to the death of the insured, and was not surrendered within 8 weeks and a paid-up policy issued in lieu thereof, the original policy is still in force because the stipulations providing for its lapse and the loss of all benefits thereunder were against public policy, null, and void. She prayed for judgment against the company for $150, the face of the policy, and in the alternative for an amount for which a paid-up policy would have been issued had the original been surrendered within the time prescribed.
 

 The trial court sustained an exception of no cause of action, and dismissed plaintiff’s suit. That judgment was affirmed by the Court of Appeal. 160 So. 461. The case was ordered up on application of plaintiff for writs, and in this court the insurance company has pleaded the prescription
 
 *569
 
 of 10 years in bar of plaintiff's action. As this plea is good, we express no opinion as to the merits of the exception which was sustained by both the trial court and the Court of Appeal.
 

 Article 3544 of the Civil Code, which is found under the general heading “of prescription,” reads as follows: “Ten years. In general, all personal actions, except those before enumerated, are prescribed by ten years.”
 

 If, as plaintiff alleged in her petition and now contends, the stipulation in the policy to the effect that under certain conditions the policy would lapse and the insured lose all benefits thereunder, were against public policy and void, the insured himself had an action against the company to have said stipulation decreed void and to obtain for himself such benefits under the policy as the plaintiff now seeks. But that was a personal action, and under article 3544 of the Code prescribed in 10 years. As .the insured lived for more than 10 years after the policy admittedly lapsed under its terms, without bringing any action against the insurer, the plea of prescription tendered by the defendant is good, and must be sustained.
 

 In Watson v. Mutual Life Ins. Co. of New York, 139 La. 737, 72 So. 189, the same plea was presented under facts similar, if not identical, with those here, and this court held that the action was barred by the prescription of 10 years under article 3544 of the Code. In that case the defendant also pleaded the prescription of two years under Act No. 68 of 1906, which the court said was good. But as that prescription is not pleaded in this case, we do not rest our opinion upon it, but upon the 10-year prescription as prescribed by the Code.
 

 For the reasons assigned, the plea of prescription filed by defendant in this court is sustained, and it is ordered that plaintiff's suit be dismissed at her costs in all courts.