This case is before us on exceptions of no cause and no right of action which were sustained below. No testimony was offered on the exception of no right of action and therefore the case must be determined on the face of the pleadings and, for the purpose of disposing of the exceptions, the well pleaded facts in the petition and amended petition must be taken as true.
The petition alleged that the New York Life Insurance Company is indebted to petitioner in the sum of $879.55, with legal interest on the various amounts aggregating the total from certain alleged due dates. It alleged that defendant issued six different policies to plaintiff on his life of dates April 19, 1923, (3 policies); March 25, 1917 (2 policies); and April 21, 1921 (1 policy). It set forth the number of each policy and attached them by reference. The petition further alleged that petitioner was required in the application for the insurance to select one of four options provided in the policy with reference to the disposition to be made of annual dividends as they accrued, the four different options being:
(a) Paid in cash
(b) Applied toward payment of premium
(c) Applied to purchase additional paid-up insurance
(d) Left to accumulate at interest
That pursuant to said requirement, petitioner chose Option (b) designating his desire that dividends be applied toward the payment of premiums and the policy issued accordingly and became the contract between petitioner and defendant.
The petition further alleged that the dividends were paid over a number of years, being apportioned by defendant and used by petitioner to reduce the premiums on the policies until the last dividend fell due on Policy No. 7692377, amounting to $209.55, which was not used to reduce the premium. It also alleged that the last dividends falling due on the other five policies (giving their respective numbers) were never used to reduce the premiums and averred that petitioner had made demands upon defendant for the amount of the dividends which had accrued on the six policies and not used to reduce the premiums and that defendant had failed to pay him. The prayer of the petition is for a monied judgment in the amount of the accrued dividends on the six policies.
In answer to a plea of vagueness, plaintiff by amended petition set out that all sums paid by him to defendant were by personal checks drawn on the Commercial National Bank of Shreveport; that the amounts claimed by plaintiff, being the dividends on the six policies, were due on:
April 19, 1931 $209.55 April 19, 1931 139.70 April 19, 1931 139.70 March 25, 1931 74.30 March 25, 1931 74.30 April 15, 1931 242.00
The six insurance policies are attached to the petition and made a part thereof and *Page 789 
it is on Section 3 Surrender Values clause that defendant relies to sustain its exceptions. This Section provides that after three full years' premiums have been paid, the insured may at the end of any insurance year or within three months after any default in the payment of premium, but not later, surrender the policy and receive its cash surrender value or exercise other options provided therein. It also provides that if the insured does not exercise his rights granted therein within the three-month period after default in payment of premium, what disposition the insurer must make of the cash surrender value, including the dividends due at the time.
Defendant's entire position is based upon this Section of the policy contract and it urges that the policies lapsed in default of payment of premiums due in 1931, and that plaintiff did not exercise any of the options granted him by this Section within the three-month period after default, and that in accordance therewith it used said cash surrender value, which included the dividends now claimed by plaintiff, to purchase continued insurance from the date of default; that plaintiff was the recipient of said continued insurance and is now without a cause or right of action to claim said dividends.
Whether defendant's contention would be meritorious or not is beside the question here presented for the reason the petition and amended petition upon which the exceptions must stand or fall do not disclose that the policies have lapsed through default of payment of premiums when due. So far as is disclosed by plaintiff's pleadings the policies have never lapsed. The only place in the record where we could learn that the policies have lapsed for nonpayment of premiums and that plaintiff did not exercise any of the options granted him by Section 3 of the policy and that continued insurance was issued to plaintiff is in the brief of defendant, and we are sure it could not be held to have amended plaintiff's petition. Plaintiff's counsel in his brief also refers to the policies having lapsed for non-payment of premiums but, however, goes no further than that. We doubt the right of plaintiff, in his brief, to enlarge his pleadings.
Under the exception of no right of action, testimony could have been adduced to show that the policies had lapsed and the option not exercised, if that is a fact, but no evidence was offered and without this proof or a disclosure by plaintiff's pleadings that the policies had lapsed for non-payment of the premiums, defendant's contention under this exception falls for lack of proper support. Plaintiff's petition alleged a contract with defendant and that he is due the amount sued for under the provisions of said contract and that defendant refused to pay him. To our minds, he has alleged a cause and right of action.
Defendant also filed a plea of prescription of ten years in the lower court; that plea was not passed upon below and it was neither argued nor briefed in this court. We therefore do not consider it proper for us to pass upon it. If defendant cares to urge it, it may do so in the lower court.
It therefore follows that the judgment of the lower court is reversed and the exceptions of no cause and no right of action are overruled and the case is remanded to the lower court to be proceeded with in accordance with the law; costs of appeal to be paid by appellee and all other costs to abide a final determination of the case.