Plaintiff appealed from judgment sustaining a plea of prescription of ten years and dismissing his suit to recover judgment for amount of dividends which accrued under the terms of certain policies of life insurance issued to him by defendant.
This is the second appeal to this court in the case. Heretofore we considered the case on appeal from judgment sustaining an exception of no cause of action. The judgment was reversed and the case remanded for further proceedings.14 So.2d 788. In remanding the case, we made mention of the fact that the above referred to plea of prescription had been filed by defendant but not passed upon. We decided, under the circumstances, not to do so.
The facts of the case so far as reflected from the pleadings are given in our former opinion, but for the purposes of this opinion and the judgment which we shall render, these facts, to some extent, will again be set out.
Defendant, during the years of 1917, 1921 and 1923, issued to plaintiff six life insurance policies aggregating $55,000, the premiums thereon being due and payable annually. In the application for the policies there were four different options relative to the disposition of the dividends which would annually accrue thereunder. The applicant was requested to strike out the three options not desired by him and leave intact the other one. He did this. The one left intact provides that the dividends *Page 686 
be applied toward the payment of premiums. According to the allegations of the original petition premiums were annually paid on the policies, including dividends, until the year 1931. The total of dividends accruing in this year under all the policies amounted to $879.55. This is the amount for which sued herein.
Answering a plea of vagueness and a motion for bill of particulars, plaintiff admitted that of the amount sued for, $488.95 became due April 19, 1931, $148.60 on March 25, 1931, and $242 on April 15, 1931. Defendant contends that these several amounts, in keeping with policy stipulations, were applied pro tanto toward purchasing extended insurance under the policies, but to determine this question, under our former judgment, testimony would be necessary.
This suit was filed October 26, 1942.
When the case came on for action after being remanded, defendant reurged the plea of prescription of ten years formerly filed by it, with the result above stated. The only issue now tendered is the correctness of the judgment on this plea.
The plea of prescription is buttressed upon Article 3544
of the Civil Code, which reads as follows: "In general, all personal actions, except those before enumerated, are prescribed by ten years."
Plaintiff's suit clearly falls within the category of "personal actions". He seeks to procure a personal judgment, — one for money. Of the many kinds of prescription established by the Civil Code and statutes of the state, none specifically includes an action to recover dividends accruing under a life insurance policy. It has been held that an action to recover on an insurance policy falls within the prescriptive period of ten years. Clark v. Life Insurance Company of Virginia, 183 La. 566,164 So. 417; Watson v. Mutual Life Insurance Company of New York,139 La. 737, 72 So. 189.
Liability under such a policy, upon the happening of an event stipulated therein, becomes fixed as of that time, and the relation of debtor and creditor automatically arises. But this is not, without qualification, true of dividends which are declared under such a policy while in force, as we shall endeavor to demonstrate hereinafter.
Plaintiff does not allege that the policies have lapsed for non-payment of premiums or for any other cause. So far as the record positively discloses they may be still in force. He simply alleges that until 1931 the dividends were used in payment of premiums annually falling due but not for that year. Therefore, for the purpose of the plea of prescription, it may be assumed that these dividends have not been applied on premiums nor consumed by the purchase of extended insurance, and that from the time they fell due the amounts thereof were subject to plaintiff's demand.
But plaintiff contends and argues that as defendant held and possessed the dividends for him in a trust capacity the invoked prescription does not have application; that one may not prescribe against the title by which he holds and possesses for another. There is force in this position. Declared dividends are held by the corporation declaring them subject to the demand of the one entitled. Whether held as trustee or as agent the legal situation is the same and so long as that relationship exists the statute of limitation does not run. It begins to run when such relationship is terminated in some manner which gives rise to the relation of debtor and creditor, generally by a demand on the part of the person entitled and the refusal by the corporation to pay.
In Armant v. New Orleans C.R. Company, 41 La.Ann. 1020, 7 So. 35, the Court held: "Dividends declared on stock in a corporation, like irregular deposits in bank, are payable on demand and until demand and refusal prescription does not begin to run against the person entitled."
In the leading case of Yeaman v. Galveston City Company, reported in 106 Tex. 389, 167 S.W. 710, Ann.Cas.1917E, 191, as reflected from the syllabus, it was held:
"The relation of a corporation to its stockholders is that of a trustee of a direct trust, as to which limitations are inapplicable until there is a clear and unequivocal disavowal of the trust and notice brought to the cestui que trust.
"A stockholder is under no obligation to draw or demand his dividends within any prescribed period; the declared dividend being in the nature of a debt on the part of the corporation to the stockholder, payable on demand.
"The obligation of a corporation to pay a declared dividend to a stockholder is not *Page 687 
subject to limitations until there has been a demand on the corporation and a refusal to pay."
To some extent analogous are Brown v. Pike et al., 34 La.Ann. 576, and De St. Romes v. Levee Steam Cotton Press, 20 La.Ann. 381.
It is alleged that plaintiff made amicable demand upon defendant to pay to him the dividends sued for, but the date of such demand is not shown.
We think the plea of prescription was improperly sustained. Therefore, the judgment appealed from is annulled and reversed and the case is hereby remanded to the lower court for further proceedings. Defendant is cast for costs of appeal; payment of all other costs will await final decree.