Plaintiff filed suit on October 26, 1942, demanding payment of the sum of $879.55, representing the aggregate amount of the balance of accrued and unpaid dividends on six policies of life insurance issued by the defendant.
The established facts show that between the dates of March 25, 1917, and April 19, 1923, defendant, New York Life Insurance Company, issued six policies of insurance on the life of plaintiff, John P. Scott. Each policy was issued on the basis of a written application executed by the plaintiff, and each application contained four options regarding disposition of dividends *Page 213 
accruing under the contracts of insurance, which options were:
(a) Payment to the insured in cash;
(b) Application of dividends toward payment of premiums;
(c) Application of dividends to the purchase of additional paid-up insurance;
(d) Retention of dividends by the company for the accumulation of interest.
The applicant was requested to choose one of the options, and plaintiff in this case indicated his choice of option (b), providing for the application of dividends toward payment of premiums.
The policies remained in full force and effect from date of issuance until the annual premium payment dates in the year 1931, during which year plaintiff permitted the policies to lapse for nonpayment of premiums, and no premiums have been paid or tendered since said year.
During the period in which the policies were maintained in force and effect, plaintiff consistently paid the annual premiums by his checks for amounts representing the difference between the full amount of premiums due and the amount of declared dividends credited on the policies.
Each of the policies contained the following provisions:
"After three full years' premiums have been paid, the Insured may, at the end of any insurance year or within three months after any default in payment of premium but not later, surrender the Policy, and
"(1) Receive its Cash Surrender Value; or
"(2) Receive the amount of nonparticipating Paid-up insurance which the cash surrender value at date of default less any indebtedness hereon, will purchase, payable at the same time and on the same conditions as this Policy. The Insured may at any time obtain a loan on such paid up insurance, or surrender it for its cash surrender value; or
"(3) If the Policy be not surrendered for cash or for paid-up insurance within three months after default in payment of premium, its cash surrender value at date of default, less the amount of any indebtedness shall automatically purchase Continued Insurance from the date of default for the face of the Policy plus any dividend additions and less any indebtedness to the Company. The Continued Insurance shall be without future participation and without the right to loans or cash surrender values."
After the lapse of the policies, plaintiff did not surrender the policies, nor did he make any demand upon the insurer either for payment of the cash surrender values or for paid-up insurance. In default of any request by the insured within the time limit provided by the contracts of insurance, the insurer applied the cash surrender value on each policy, together with all dividend accruals, as of the date of default in the payment of premiums, to the purchase of continued insurance from such date for the face amount of the policy.
Plaintiff claims as the basis for his demand that defendant insurer failed to apply the last accrued dividends under the policy toward the payment of premiums, and, therefore, the amounts of such dividends remained due and owing to plaintiff.
Before answering, defendant herein filed exceptions of no cause or right of action and a plea of prescription. The exceptions of no right or cause of action were sustained by the district Court. On appeal, this Court reversed the judgment of the district Court and remanded the case for further proceedings. Scott v. New York Life Insurance Co., La. App.,14 So.2d 788. After remand, the plea of prescription was submitted and was maintained by the trial Court. On appeal, this Court again reversed the judgment of the district Court and remanded the case for further proceedings. Scott v. New York Life Insurance Co., La. App., 16 So.2d 685. The case has now been tried on the merits, and judgment rendered by the district Court in favor of the defendant, dismissing plaintiff's suit, from which judgment plaintiff prosecutes this, his third appeal to this Court.
It is clear to us that plaintiff has lost sight of the fact that he is attempting to exercise an optional right which terminated upon the lapse of the policies for nonpayment of premiums. Upon such termination, the contracts of insurance, as contained in the policies, provided a method by which plaintiff, within a specified period of time, was allowed a choice as to the disposition of the reserve value and dividends standing to his credit. It was the failure of plaintiff to exercise this right of option which terminated his right to claim payment of the dividends in cash.
The insurer was not only justified in making application of the credits on the policies to the purchase of continued insurance *Page 214 
under the contractual agreement with the insured, but, indeed, was required so to do by the law of the State. Act 193 of 1906, as amended, provides that in the event of lapse or forfeiture of any policy of life insurance by reason of non-payment of any premium thereon, the surrender value shall be computed, and, upon demand, paid to the insured, or, in the event of failure of the owner of the policy to avail himself of any option specified therein, that, then, the policy reserve shall be applied to the purchase of extended insurance.
Plaintiff is barred from maintaining his demands in this case by his own defaults, first, by his failure to continue payment of premiums on the policies, which action effectively prevented application of dividends to such payment, and, second, by his failure to timely exercise his choice as to the disposition of the policy reserve.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.