MORIAL, Judge.
Buras Contractors, Inc. (Buras) appeals from a judgment awarding David C. Odom dividends of $56,403.35 and five percent ownership in Buras. Odom answered the appeal and prayed that the judgment be amended to increase the number of shares awarded to ten and the monetary award to $112,806.70.
Odom brought a suit against Buras to recover a ten percent share of dividends and corporate profits. Buras denied Odom’s ownership of an interest and reconvened for damages against Odom for instituting a frivolous lawsuit.
On April 2, 1963 Odom joined with two other men, Edward Schertler, Jr., now deceased, and Charles H. Taylor, to form Bu-ras for the purpose of carrying on the business of oil field construction and contracting. The articles of incorporation listed the incorporators and their subscriptions to shares as follows: Mrs. Gloria A. Taylor, 50 shares; Edward Schertler, 45 shares; David C. Odom, 5 shares. Subsequently, a Mrs. Della Blevens acquired ten of Schertler’s 45 shares. Mrs. Taylor was merely the nominal owner of the shares. Her husband, Charles Taylor was the owner in fact, and it was Mr. Taylor who was active in the affairs of the corporation with the full power to act with respect to the shares. When the stock certificates were issued, Schertler retained Odom’s certificate for five shares and placed it in a safety deposit box.
Odom was the superintendent and spent his time in the field supervising the actual construction business. Taylor and Schertler directed their attention to office management. The shareholders elected to be treated as a small business corporation under 26 U.S.C. 1371, et seq., commonly called a sub-chapter “S” corporation. Accordingly,.corporate profits were attributable to, and taxable to the shareholders in proportion to their holdings. The business was conducted informally and there were no minutes or other records kept of corporate meetings.
In 1964, at a meeting between Odom, Taylor and Schertler, Odom requested a larger share of the corporate profits. The *248 other two stockholders agreed and Odom was assigned the right to receive additional dividends on five of the shares belonging to Taylor.
On March 24, 1966 a check for $12,862.21 was issued to Odom. This payment was entered in the corporate books as dividends paid to Odom, and a voucher attached to the check bore the notation “draw dividends.” On the same date, a check for $20,000.00 was issued to Gloria A. Taylor with the same notation.
Approximately six months later, August of 1966, Odom left the employ of Buras and moved to Texas. In that same month the Taylors executed an act of sale transferring their fifty shares of stock to Schertler. At approximately the same time, the original bookkeeping entry, which recorded the payment of dividends to Odom, was altered by erasing the original figure of $12,852.21 and inserting $12,252.21. The balance of $600.00 was transferred to another account and entered as payment by Edward Schert-ler for the five shares of stock owned by Odom. From then on, Mr. Odom was shown on the books as having sold his interest to Edward Schertler.
Odom returned to the state in late 1966 and worked for Buras for a few months. On March 7, 1967 Odom left Buras. He received no dividends or distributions after the check dated March 24, 1966.
On July 21, 1972 Odom through counsel, sent a letter to Buras requesting permission to examine the books of account. Buras replied by a letter dated July 24, 1972, refusing the request, and denying that Odom was a shareholder. On August 24, 1972, Odom applied for writs of mandamus and two warrants to compel the company to produce its books for inspection. The writ of mandamus was originally granted, but on a motion for new trial, the court rescinded the order and ordered a new hearing. Odom then voluntarily withdrew the application and filed this suit to recover dividends on October 5, 1973.
The trial judge granted a judgment ordering Buras to issue to Odom five shares of stock showing a five percent interest in the corporation, and to pay plaintiff the sum of $56,403.35 in declared dividends for the years 1966 through 1973.
The issues before the court are:
(1) Whether or not the check received by Odom in March 1966 was a dividend payment or payment for the purchase of his interest in the company;
(2) If no sale occurred, whether or not after Odom left the employ of the company he retained the right assigned to him to receive dividends on five of the shares belonging to Taylor;
(3) Whether or not the amount of dividends awarded by the trial judge is correct;
(4) Whether or not Odom’s action to recover the dividends has prescribed.
Buras contends that the trial judge erred in not concluding that a sale of the Odom interest occurred in March 1966. It argues that proof of a sale is reflected in the corporate records and in the testimony of the company bookkeeper. Absent the finding of a sale, appellant argues that the trial court wrongly calculated the amount due Odom in that he is only entitled to recover his interest in the dividends actually declared. Buras further contends that even if appellee is found to be the owner of the stock, his action to recover the dividends has prescribed. Buras urges the prescriptive period of one year classifying Odom’s action as one for conversion of his stock LSA-R.C.C. Article 3534. Alternatively, Buras argues, the suit is an action on a debt which is prescribed in three (LSA-R.C.C. Article 3538) or five (LSA-R.C.C. Article 3540) years depending on whether or not it is in writing.
Odom argues that there was never a sale of his stock. He also contends that the transfer of the additional five percent interest in the company was a permanent assignment of the right to receive additional dividends and that the trial court did not award him the full amount he is due. He also argues that the corporation held the dividends in trust for its stockholders and that prescription cannot begin to run until a demand is made by the stockholder.
*249 The trial court on the basis of the testimony given concluded that Odom did not sell his interest in the corporation in March 1964. Where there is evidence to support the trial court’s conclusions of facts, such conclusions will not be disturbed in the absence of manifest error. See Canter v. Koehring Company, La., 283 So.2d 716 (1973). Furthermore, there is no evidence to support Odom’s claim to ownership of the five (5) Taylor shares. This assignment of the right to the dividends on those shares was not irrevocable and obviously intended to last only so long as Odom remained in the employment of Buras.
Based upon the corporate tax returns, Buras declared $725,593.00 in dividends for the period 1966-1973. Odom was entitled to five (5%) percent of that amount which is $36,279.65. However, for the same period the corporate tax returns show net income in the amount of $1,128,067.00. As a stockholder of a sub-chapter “S” corporation, Odom’s pro rata portion of the Buras undistributed taxable income was to be included in his gross income. See 26 U.S.C.A. Section 1373. Accordingly, Odom is entitled to an additional five (5%) percent of $402,474.00, the undistributed taxable income of Buras. Odom, therefore, is due $56,403.35 less the amount of one half of $12,852.21 he previously received as a dividend in 1966.[1]
As to Buras’ argument that Odom’s claim for dividends is prescribed, it was stated in Scott v. New York Life Ins. Co., 16 So.2d 685, 686 (La.App. 2 Cir. 1944).
“The relation of a corporation to its stockholders is that of a trustee of a direct trust, as to which limitations are inapplicable until there is a clear and unequivocal disavowal of the trust and notice brought to the cestui que trust. “A stockholder is under no obligation to draw or demand his dividends within any prescribed period; the declared dividend being in the nature of a debt on the part of the corporation to the stockholder, payable on demand.
“The obligation of a corporation to pay a declared dividend to a stockholder is not subject to limitations until there has been a demand on the corporation and a refusal to pay.”
Armant v. New Orleans & C.R. Co., 41 La.Ann. 1020, 7 So. 35 (1889); De St. Romes v. Levee Steam Cotton Press, 20 La.Ann. 381 (1868); Fairex v. N. O. City R. R. Co., 36 La.Ann. 60 (1884). Therefore, prescription did not begin to run until Odom demanded the payment of dividends. This record discloses no demand of Odom for payment prior to the filing of this suit on October 5, 1973. Further, in Vaudry v. New Orleans Cotton Exchange, 2 McGloin 154 (App.1884), plaintiff sued to recover the value of his stock he had acquired twelve years earlier. The court stated that the prescriptive periods of three, five and ten years did not apply to the action relying on Fairex, supra.
For the foregoing reasons the judgment of the district court is amended to reduce the amount awarded to the plaintiff to $49,-977.25. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.

. The amount of dividends credited is reduced by one half since we do not include the 5% of dividends assigned to Odom in 1966 in our calculation of total dividends due Odom.